## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| 1STARR DALTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Civil Action No. 1:08-0901 |
| | ) |
| JIM RUBENSTEIN, | ) |
| | ) |
| Respondent. | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

On July 7, 2008, Petitioner, an inmate at Mount Olive Correctional Complex, acting *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By A Person in State Custody, a Special Request for Equitable Tolling and an Application to Proceed in *Forma Pauperis*. (Document Nos. 1 - 3.)[1] On July 23, 2008, Petitioner filed exhibits in support of his Petition. (Document No. 8.) On November 24, 2008, Petitioner filed an Informal Brief. (Document No. 13.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. §636(b)(1)(B).  (Document No. 4.) Having thoroughly examined the record in this case and

---

[1] This is Petitioner's second Petition for *habeas* relief under 28 U.S.C. § 2254 in this District Court. On February 2, 2007, Petitioner filed a Petitioner for *habeas* relief under Section 2254. *Dalton v. McBride*, Civil Action No. 1:07-0074, Document No. 1. On March 30, 2007, the undersigned filed Proposed Findings and Recommendation that Petitioner's Petition be dismissed because it was not filed within one year after Petitioner's sentence became final as required under 28 U.S.C. § 2244(d)(1)(A) and  the circumstances in Petitioner's case did not justify equitable tolling. (*Id.*, Document No. 6.) Petitioner filed objections to the undersigned's Proposed findings and Recommendation (*Id.*, Document No. 8.), and the District Court overruled them and dismissed Petitioner's Petition on July 9, 2007, finding Petitioner's Petition untimely and no reason to apply equitable tolling. (*Id.*, Document Nos. 11 and 12.) Petitioner appealed (*Id.*, Document No. 14.), and the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal (*Id.*, Document No. 24.).

in <u>Dalton v. McBride</u>, Civil Action No. 1:07-0074, noted above, the undersigned respectfully recommends that this case be dismissed.

In his Section 2254 Petition, Petitioner alleges thirty-three grounds for relief: (1) unconstitutional search and seizure; (2) unlawful arrest; (3) violation of West Virginia Rules of Evidence 802 and 1002 and West Virginia Rule of Criminal Procedure 5.1; (4) violation of Sixth Amendment and Confrontation Clause; (5) conviction obtained through the use of perjured testimony; (6) violation of West Virginia Rule of Criminal Procedure 5; (7) violation of West Virginia Rule of Criminal Procedure 46(h); (8) violation of the protection against self-incrimination; (9) failure of the State to follow <u>W. Va. Code</u> § 49-5-1, *et seq.*; (10) violation of W. Va. Code § 48-5-10(B); (11) unlawfully obtained waiver of juvenile jurisdiction; (12) illegal plea bargain; (13) judicial participation in plea bargaining; (14) unlawfully obtained waiver of indictment; (15) unlawfully obtained waiver of warrant; (16) violation of West Virginia Rule of Criminal Procedure 11(e)(2); (17) violation of West Virginia Rule of Criminal Procedure 11(c)(1); (18) breach of plea agreement by Court; (19) breach of agreement by prosecutor; (20) guilty plea induced by fraud and misrepresentation/ not intelligently nor voluntarily entered; (21) illegal substitution of counsel; (22) violation of Rule 32(c)(3); (23) violation of Rule 32(c)(3)(c); (24) violation of Rule 32(c)(5); (25) double jeopardy; (26) ineffective assistance of counsel; (27) denial of counsel at sentencing hearing; (28) cruel and unusual punishment; (29) violation of <u>W. Va. Code</u> § 62-12-3; (30) violation of equal protection; (31) denial of access to the Court; (32) refusal to provide transcripts; and (33) misrepresentation in Court Orders violating due process.

In his Special Request for Equitable Tolling (Document No. 2.), Petitioner discusses the law of equitable tolling citing and quoting from decision of the United States Supreme Court and Courts

of Appeals. He then asserts that "the exceptional circumstances of this case require tolling. The record shows on its face that the Petitioner's conviction was obtained through the use of fraud-chicanery. Therefore, it is without question that the writ should be granted inasmuch as the issue is so absolute that there can be no discretion left to the Court. The interests of justice must prevail over statutes of limitations." Petitioner further states that "the predicate for Petitioner's claims is based on newly discovered facts and evidence that could not have been discovered earlier." Finally, Petitioner states that he "can also prove that the State prevented him from filing his claims by denying him all access to a law library."

Petitioner's July 23, 2008, submission of exhibits in support of his Section 2254 Petition (Document No. 8.) includes the following documents:

A.  1.  February 24, 1999, Memorandum from Assistant Prosecuting Attorney to Clerk of McDowell County Circuit Court requesting issuance of Subpoenas for persons to appear at Petitioner's preliminary hearing in Case No. 99-JD-2-S;
    2.  March 9, 1999, Preliminary Hearing Order of Circuit Judge Booker Stephens finding probable cause to believe that Petitioner was a delinquent child; and
    3.  Transcript of March 3, 1999, preliminary hearing.
B.  1.  March 8, 1999, Motion to Transfer Juvenile Proceedings to Criminal Jurisdiction;
    2.  Petitioner's March 15, 1999, Response to Motion to Transfer Juvenile Proceedings to Criminal Jurisdiction;
    3.  Order Setting Hearing on Petitioner's Motion to Transfer Juvenile Proceedings to Criminal Jurisdiction;
    4.  Information filed on April 22, 1999, and designated Case No. 99-IF-51-S;
    5.  April 22, 1999, Plea Agreement in Case No. 99-IF-51-S whereby Petitioner agreed to plead to charge contained in the Information (non-aggravated robbery); and
    6.  Order Accepting Guilty Plea.
C.  1.  May 26, 1999, Sentencing Order; and
    2.  Transcript of May 24, 1999, sentencing proceedings.
D.  1.  January 24, 2002, Order Sentencing Petitioner to an Adult Facility (transferring him from the Southern regional Juvenile Detention Center to the Anthony Center);

3

2.      June 14, 2002, Order, Executing Sentencing and Correcting Sentence for
        Non-Aggravated Robbery;

3.      June 12, 2002, Corrected Commitment Order; and

4.      Transcript of June 12, 2002, Proceedings respecting transferring Petitioner
        from the Anthony Center to the West Virginia Penitentiary and sentencing
        matters.

E.      Copies of letters from the Office of the Clerk of the West Virginia Supreme
        Court of Appeals to Petitioner respecting his requests for Writs of
        Mandamus and *habeas corpus* which he filed there and Orders of that Court
        refusing his requests. Petitioner indicates that these documents indicate that
        he filed "post-conviction applications in the West Virginia Supreme Court,
        all of which challenged his conviction and sentence."

F.  1.  September 10, 2004, Order of Circuit Court of Fayette County transferring
        Petitioner's *habeas* action to the Circuit Court of McDowell County;

    2.  December 21, 2004, Order of Circuit Court of McDowell County denying
        Petitioner's Petition for Writ of Habeas Corpus in Case No. 04-C-210;

    3.  January 17, 2006, Order of the Circuit Court of Fayette County transferring
        Petitioner's *habeas* action to the Circuit Court of McDowell County; and

    4.  August 11, 2006, Memorandum Order of the Circuit Court of McDowell
        County denying Petitioner's Petition for Writ of Habeas Corpus in Case No.
        06-C-20-S.[2]

G.      Certified mail receipts, letters and administrative grievances which,
        Petitioner contends, evidence his attempts to initiate post-conviction
        proceedings in the Circuit Court of McDowell County and the refusal of the
        Clerk of the Circuit Court and Judge Stephens to allow him to do so.

In his Informal Brief (Document No. 13.), Petitioner discusses the circumstances underlying

several of the grounds which he asserts for *habeas* relief.

## DISCUSSION

The District Court dismissed Petitioner's Section 2254 Petition in <u>Dalton v. McBride</u>, Civil

Action No. 1:07-0074, because Petitioner did not demonstrated that his Petition in that case was

timely filed and Petitioner's attempts to initiate proceedings in mandamus in the State Courts, the

alleged failure to provide him with copies of transcripts of his criminal proceedings until 2005 and

---

[2] In his August 11, 2006, Memorandum Order Denying Petitioner's Writ of Habeas Corpus,
Judge Stephens considered the thirteen grounds which Petitioner alleged in his Petition on their
merits.

4

denial of his access to the law library did not suffice as bases for applying the doctrine of equitable tolling. Dalton v. McBride, Civil Action No. 1:07-0074, Document No. 11. The undersigned finds that this matter must be deemed to constitute a second or successive Section 2254 petition and dismissed pursuant to 28 U.S.C. § 2244(b) because Petitioner has not obtained the authorization of the Fourth Circuit Court of Appeals to proceed with his claims in the District Court.

While this case must be dismissed under 28 U.S.C. § 2244(b) in view of the proceedings in Dalton v. McBride, Civil Action No. 1:07-0074, the undersigned will consider the further circumstances and reasons which Petitioner states in his Special Request for Equitable Tolling (Document No. 3.): (1) his conviction was obtained by fraud; (2) he has newly discovered facts and evidence; and (3) he was denied all access to the law library. As the undersigned stated in his Proposed Findings and Recommendation in Dalton v. McBride, Civil Action No. 1:07-0074, Document No. 6, the 28 U.S.C. §2244(d)(1)(A) one-year limitation period may be subject to equitable modification in appropriate cases. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S.Ct. 1605, 158 L.Ed.2d (2004)(A petitioner barred by the Section 2244(d) time limit "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."); Harris v. Hutchinson, 209 F.3d 325, 328-31(4th Cir. 2000); Goedeke v. McBride, 437 F.Supp.2d 590, 596 - 597 (S.D.W.Va. 2006)(Chief Judge Goodwin); Walker v. Rubenstein, 380 F.Supp.2d 751, 754 (S.D.W.Va. 2005)(Chief Judge Faber). In determining whether to apply the doctrine of equitable tolling, the District Court is required to consider the "facts and circumstances" of the particular case. Harris, 209 F.3d. at 330 (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)). In Harris, Id., the Court of Appeals stated as follows:

5

To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Addressing Petitioner's Special Request for Equitable Tolling, As District Judge Faber found in Walker v. Rubenstein, 380 F.Supp.2d at 754, citing the tests for evaluating whether equitable tolling is justified as enunciated by the United States Supreme Court in Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005), and the Fourth Circuit Court of Appeals in Rouse v. Lee, supra, "the instant petitioner has presented no reasons at all for his failure to file on time, let alone reasons that would satisfy either of those tests."  First, the circumstances culminating in Petitioner's conviction preceded the running of the one-year period of time prescribed for the filing of a Section 2254 Petition. Those circumstances therefore can have had no impact upon Petitioner's ability to file his Section 2254 Petition on time. Second, Petitioner's discovery of new facts and evidence can not be said to have prevented him from filing a Section 2254 Petition on time. Finally, as the District Found in Dalton v. McBride, Civil Action No. 1:07-0074, alleged limitations upon the Petitioner's use of the law library will not suffice as a basis for equitable tolling. For all of the above reasons, Petitioner's Section 2254 Petition must be dismissed.

## PROPOSAL AND RECOMMENDATION

Accordingly, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition Under 28 U.S.C. §2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 1), **DENY** Application to Proceed in *Forma Pauperis* (Document No. 3.), and **REMOVE** this matter from the Court's docket.

6

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

Date: December 11, 2008.

R. Clarke VanDervort
United States Magistrate Judge

7