```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     BLUEFIELD DIVISION
```

**1STARR DALTON,**

    **Petitioner,**

**v.**                                       **CIVIL ACTION NO. 1:08-00901**

**JIM RUBENSTEIN,**

    **Respondent.**

### MEMORANDUM OPINION

Pending before the court is petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. Nos. 1, 2) and Application to Proceed in Forma Pauperis (Doc. No. 3). By standing order filed in this case on July 7, 2008, this matter was referred to Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 4.) Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation ("PF & R") on December 11, 2008, and recommended that this court dismiss the instant petition as successive and untimely, deny petitioner's Application to Proceed in Forma Pauperis, and remove this matter from the court's active docket. (Doc. No. 14.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's PF & R. Pursuant to § 636(b)(1)(C), the court need not conduct a *de novo*

review of the PF & R when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Petitioner submitted timely objections to the PF & R on December 31, 2008. (Doc. No. 15.) Much of petitioner's eighteen-page filing is devoted to restating the arguments he has previously raised, without addressing the specific grounds on which the magistrate judge recommended dismissal: 1) that the instant petition must be dismissed as an unauthorized second or successive Section 2254 petition because of petitioner's prior such filing, Dalton v. McBride, Civil Action No. 1:07-00074; and that petitioner's suit must be deemed untimely as he has not established the necessary basis for equitable tolling to apply. (Doc. No. 14 at 5-6.) Indeed, the largest portion of the brief sets forth a detailed procedural history of petitioner's state and federal filings, on the basis of which petitioner argues that his petition should be deemed timely. (Doc. No. 15 at 2-12.) These arguments, however, the court addressed and found wanting in petitioner's earlier Section 2254 action. (See Civil Action No. 1:07-00074, Doc. No. 11.)

To the extent petitioner contends that his assertion of "actual innocence" provides the basis for equitable tolling so as to render his petition timely, his argument likewise fails.

-2-

Petitioner's incarceration arises from his April 1999 guilty plea to non-aggravated robbery in the Circuit Court of McDowell County, West Virginia. (See Civil Action No. 1:07-00074, Doc. No. 6 at 2.) It is well established that "[a] knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993); see also United States v. Dungee, 228 Fed. Appx. 298, 303 (4th Cir. 2007)(applying principle in context of actual innocence claim).

Petitioner's objections are therefore **OVERRULED**. The court **ADOPTS** the findings and conclusions contained in Magistrate Judge VanDervort's PF & R (Doc. No. 14), **DENIES** petitioner's Application to Proceed in Forma Pauperis (Doc. No. 3), and, in an accompanying judgment order, **DISMISSES** petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. Nos. 1, 2).

The Clerk is **DIRECTED** to remove this matter from the court's active docket and to forward a copy of this Memorandum Opinion to all counsel of record and to petitioner, pro se.

**IT IS SO ORDERED** this 3rd day of March, 2009.

                           ENTER:

                           David A. Faber
                           Senior United States District Judge